UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN CAMPBELL and CYNTHIA CAMPBELL,<br><br>Plaintiffs,<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:17-cv-2057 KJM DB PS<br><br>ORDER AND<br>FINDINGS AND RECOMMENDATIONS |

This action came before the undersigned on January 12, 2018, for hearing of defendants' motions to dismiss.[1] Plaintiffs Allen Campbell and Cynthia Campbell appeared in person on their own behalf. Attorneys Bianca Samuel and Neal Lutterman appeared on behalf of defendants Regents of the University of California, Robert Rominski, M.D., Tanya Escay, and Kathleen Boden. Attorney James Pagliero appeared on behalf of defendant Aethon, Inc. After hearing argument from the parties, defendants' motions were taken under submission.

Here, as to defendant Aethon, its motion to dismiss is granted, plaintiffs' subsequent motion to amend is granted and the plaintiffs' proposed second amended complaint is the

---

[1] Plaintiffs are proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

operative complaint in this action. As to defendant Regents of the University of California, it is recommended that its motion to dismiss be granted without giving plaintiffs leave to amend.

## BACKGROUND

Plaintiffs Allen Campbell and Cynthia Campbell, proceeding pro se, commenced this action on October 4, 2017, by filing a complaint and paying the required filing fee. (ECF No. 1.) On November 20, 2017, plaintiffs filed a first amended complaint. (Am. Compl. (ECF No. 7.)) Therein, plaintiffs allege, generally, that on March 30, 2017, plaintiff Allen Campbell was "rammed" by a "tug" manufactured by defendant Aethon, Inc. (Id. at 15-16.[2]) The first amended complaint also alleges that on April 6, 2017, plaintiff Allen Campbell was transported by ambulance to the UC Davis Medical Center Emergency Department where he was mistreated in various ways by the named individual defendants. (Id. at 4-15.) The amended complaint alleges causes of action for violation of the Emergency Medical Treatment and Active Labor Act of 1986 ("EMTALA"), 42 U.S.C. § 1395dd, conversion, negligence, professional negligence, assault, battery, false imprisonment, fraud, the intentional infliction of emotional distress, loss of consortium, and products liability. (Id. at 4-17.)

On December 4, 2017, defendant Aethon, Inc., ("Aethon"), filed a motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rules") and for a more definitive statement pursuant to Rule 12(e). (ECF No. 10.) On December 5, 2017, defendant Regents of the University of California, Robert Rominki, Tanya Escay, and Kathleen Boden, each of whom were employees of the University of California, (collectively "defendants Regents"), filed a motion to dismiss the amended complaint pursuant to Rule 12(b)(1) and 12(b)(6). (ECF No. 13.)

Plaintiffs filed an opposition to defendant Aethon's motion to dismiss on December 28, 2017, and filed an opposition to defendants Regents' motion on December 29, 2017. (ECF Nos. 17 & 18.) Defendants filed replies on January 5, 2018. (ECF Nos. 21 & 23.) On January 10, 2018, plaintiffs filed a motion to file a second amended complaint. (ECF No. 26.) On January

---

[2] Page number citations such as this one, are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

2

29, 2018, defendants Regents filed an opposition to plaintiffs' motion to amend.  (ECF No. 29.)

STANDARDS

I. <u>Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)</u>

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action.  "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." <u>Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.</u>, 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made.  See <u>Sea Vessel Inc. v. Reyes</u>, 23 F.3d 345, 347 (11th Cir. 1994); <u>Osborn v. United States</u>, 918 F.2d 724, 729 n. 6 (8th Cir. 1990).  The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. <u>Savage v. Glendale Union High Sch. Dist. No. 205</u>, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); <u>Miranda v. Reno</u>, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001).  Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. <u>Safe Air for Everyone</u>, 373 F.3d at 1039.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations. <u>Thornhill Publ'g Co.</u>, 594 F.2d at 733.  "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." <u>McCarthy v. United States</u>, 850 F.2d 558, 560 (9th Cir. 1988).  When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction does in fact exist. <u>Thornhill Publ'g Co.</u>, 594 F.2d at 733.

II.     Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

////

////

4

1 | In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted
2 | to consider material which is properly submitted as part of the complaint, documents that are not
3 | physically attached to the complaint if their authenticity is not contested and the plaintiff's
4 | complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles,
5 | 250 F.3d 668, 688-89 (9th Cir. 2001).

III. Legal Standards Applicable to Motions For a More Definite Statement Pursuant to Rule 12(e)

Federal Rule of Civil Procedure 12(e) provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e); see also Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."); C.B. v. Sonora Sch. Dist., 691 F. Supp. 2d 1170, 1190-91 (E.D. Cal. 2010) ("A Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, i.e., so vague that the defendant cannot begin to frame a response.").

A court should deny a motion for a more definite statement "if the complaint is specific enough to notify [a] defendant of the substance of the claim being asserted" or "if the detail sought by a motion for more definite statement is obtainable through discovery." C.B., 691 F. Supp. 2d at 1191. A Rule 12(e) motion "is likely to be denied where the substance of the claim has been alleged, even though some of the details are omitted." Neveu v. City of Fresno, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005). This liberal pleading standard is consistent with Federal Rule of Civil Procedure 8(a) which allows pleadings that simply contain a "short and plain statement of the claim." Id.

////

ANALYSIS

I.   Defendant Aethon's Motion to Dismiss

The only cause of action found in the first amended complaint asserted against defendant Aethon is a claim for "PRODUCT LIABILITY" asserted by plaintiff Allen Campbell. (Am. Compl. (ECF No. 7) at 15.) Under California law, a manufacturer may be strictly liable for injuries caused by a product that is defectively manufactured, distributed without adequate instructions or warnings of its potential for harm, or defectively designed. See Hufft v. Horowitz, 4 Cal.App.4th 8, 13 (1992); see also Woods v. Davol, Inc., No. 2:16-cv-2616 KJM CKD, 2017 WL 3421973, at *4 (E.D. Cal. Aug. 9, 2017) ("A manufacturer is strictly liable for injuries caused by a product that is (1) defectively manufactured, (2) defectively designed or (3) distributed without adequate instructions and warnings of its potential for harm.").

A product is defectively manufactured when there is "a flaw in the manufacturing process, resulting in a product that differs from the manufacturer's intended result." Brown v. Superior Court, 44 Cal.3d 1049, 1057 (Cal. 1988). A "[d]esign defects appear in products that, although properly manufactured, are dangerous because they lack a critical feature needed to ensure safe use." Webb v. Special Elec. Co., Inc., 63 Cal.4th 167, 180 (Cal. 2016). And, under California law, "manufacturers [are] strictly liable for injuries caused by their failure to warn of dangers that were known to the scientific community at the time they manufactured and distributed their product." Johnson v. American Standard, Inc., 43 Cal.4th 56, 64 (Cal. 2008).

As noted by defendant's motion to dismiss, plaintiffs' first amended complaint fails to allege why defendant should be held strictly liable. (Def. Aethon's MTD (ECF No. 11) at 3-5.) The first amended complaint does not allege how the tug was defectively manufactured or even that it was defectively manufactured. And the first amended complaint does not allege that the tug was defectively designed or how it was defectively designed.

The first amended complaint does allege that the tug had "no warning signs," but no further explanation is provided. (Am Compl. (ECF No. 7) at 15.) In this regard, the first amended complaint does not allege that the defendant failed to warn of "a particular risk that was known or knowable" to the defendant. Anderson v. Owens-Corning Fiberglas Corp., 53 Cal.3d

987, 1002 (Cal. 1991).

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

Accordingly, defendant Aethon's motion to dismiss will be granted.[3]

II. Defendants Regents' Motion to Dismiss

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

---

[3] As addressed below, the undersigned will grant plaintiffs leave to amend with respect to defendant Aethon.

Here, the only cause of action asserted in the first amended complaint over which this court could have federal question jurisdiction, is the first amended complaint's claim for violation of EMTALA, 42 U.S.C. § 1395dd, asserted by plaintiff Allen Campbell against "the Regents by their University of California Davis Medical Center and its Emergency Department."[4] (Am. Compl. (ECF No. 7) at 4.) "EMTALA establishes federal requirements for medical screening, stabilizing treatment, and restriction of transfers until the patient is stabilized." Jackson v. East Bay Hosp., 980 F.Supp. 1341, 1345-46 (N.D. Cal. 1997) (citing 42 U.S.C. § 1395dd(a)-(c)). Plaintiffs' first amended complaint seeks monetary damages for this cause of action and "[o]n all causes of action" asserted therein. (Id. at 17.)

However, the Eleventh Amendment bars suits against a state, absent the state's affirmative waiver of its immunity or congressional abrogation of that immunity. Pennhurst v. Halderman, 465 U.S. 89, 98-99 (1984); Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003); Yakama Indian Nation v. State of Wash. Dep't of Revenue, 176 F.3d 1241, 1245 (9th Cir. 1999); see also Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state."). The Eleventh Amendment also bars federal suits, whether seeking damages or injunctive relief, against state officials where the state is the real party in interest. Pennhurst, 465 U.S. at 101-02. "Eleventh Amendment immunity also shields state officials from official capacity suits." Krainski, 616 F.3d at 967. The Ninth Circuit has repeatedly held that the Regents are an arm of the State of California. See Doe v. Lawrence Livermore Nat'l Laboratory, 131 F.3d 836, 837 (9th Cir. 1997) ("the University [of California] is an arm of the State of California"); Armstrong v. Meyers, 964 F.2d 948 (9th Cir. 1992) ("[t]he Regents, a corporation created by the California constitution, is an arm of the state").

////

---

[4] "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008). Here, diversity jurisdiction with respect to defendants Regents is lacking because plaintiffs and defendant Regents are citizens of California.

Moreover, to be a valid waiver of sovereign immunity, a state's consent to suit must be "unequivocally expressed in the statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996); see also Pennhurst, 465 U.S. at 99; Yakama Indian Nation, 176 F.3d at 1245. "[T]here can be no consent by implication or by use of ambiguous language." United States v. N.Y. Rayon Importing Co., 329 U.S. 654, 659 (1947). Courts must "indulge every reasonable presumption against waiver," Coll. Sav. Bank v. Florida Prepaid, 527 U.S. 666, 682 (1999), and waivers "must be construed strictly in favor of the sovereign and not enlarged beyond what the [statutory] language requires." United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992) (citations, ellipses, and internal quotation marks omitted). "To sustain a claim that the Government is liable for awards of monetary damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims." Lane, 518 U.S. at 192.

"EMTALA does not contain such an expression of intent to abrogate the state's immunity." Thomason v. Medical Center of Louisiana at New Orleans, No. CIV.A. 99-3734, 2001 WL 839030, at *1 (E.D. La. July 23, 2001); see also Morres v. Deer's Head Hosp. Center, Civil No. CCB-08-2, 2008 WL 2991178, at *3 (D. Md. July 25, 2008) ("Although Congress undoubtedly intended to create a federal cause of action for EMTALA violations, there is no indication in the statute that it intended to provide specifically for such suits against states."); Johnson v. Virginia, No. 3:06cv00061, 2007 WL 1556555, at *7 (W.D. Va. May 24, 2007) ("Because the Commonwealth has not waived immunity and because Congress has not abrogated the Commonwealth's immunity, Plaintiff's EMTALA claim cannot survive."); Crisp v. University of Texas Medical Branch, No. CIV. A. G-05-488, 2006 WL 1492378, at *2 (S.D. Tex. 2006) ("Though neither the Fifth Circuit nor the United States Supreme Court have ruled on the issue of whether EMTALA abrogates states' immunity, every court to do so has ruled that it does not."); Ward v. Presbyterian Healthcare Services, 72 F.Supp.2d 1285, 1293 (D. N.M. 1999) ("EMTALA does authorize individuals to bring suit for damages in accordance with the law of the state in which the hospital is located. But when the defendant hospital is an arm of the state, the Eleventh Amendment prohibits such a suit in federal court unless the state gives its unequivocal consent, and it is clear that New Mexico has not consented to be sued anywhere

except in its own courts."); Vazquez Morales v. Estado Libre Asociado de Puerto Rico, 967 F.Supp. 42, 46 (D. Puerto Rico 1997) ("Congress did not abrogate the states' Eleventh Amendment immunity in EMTALA.").

Accordingly, the undersigned recommends that defendants Regents' motion to dismiss be granted as to the first amended complaint's EMTALA claim and that the EMTALA claim be dismissed without prejudice. See Missouri ex rel. Koster v. Harris, 847 F.3d 646, 656 (9th Cir. 2017) ("dismissal for lack of subject matter jurisdiction is without prejudice").

III. Leave to Amend

With respect to plaintiffs' EMTALA claim and product's liability claim, the undersigned has carefully considered whether plaintiffs could further amend the first amended complaint to state a claim upon which relief could be granted and over which the court would have subject matter jurisdiction. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

With respect to plaintiffs' EMTALA claim against defendants Regents', even after reviewing plaintiffs' motion for further leave to amend and proposed second amended complaint, the undersigned finds that in light of the deficiencies noted above, that it would be futile to grant plaintiffs further leave to amend.[5] Accordingly, the undersigned will recommend that plaintiffs' not be granted further leave to amend with respect to the first amended complaint's EMTALA

---

[5] Plaintiffs' proposed second amended complaint asserts a vague and conclusory claim for violation of 42. U.S.C. § 1985 against defendants Tanya Escay, Kathleen Boden, and Robert Rominski. (Sec. Am. Compl. (ECF No. 26-2) at 15.) However, just like plaintiffs' EMTALA claim, plaintiffs' § 1985 claim would be barred by defendants Regents' Eleventh Amendment immunity. See Caldeira v. County of Kauai, 866 F.2d 1175, 1182 (9th Cir. 1989) (holding that "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations"), cert. denied, 493 U.S. 817 (1989); Vaughn v. Regents of University of California, 504 F.Supp. 1349, 1352 (E.D. Cal. 1981) ("If the §§ 1981, 1983, 1985 and 1986 damage claims against the Regents are barred by the Eleventh Amendment, those same claims against the employees of the University acting in their official capacities are likewise barred.").

claim.

With respect to plaintiffs' product's liability claim against defendant Aethon, at the January 12, 2018 hearing of defendants' motions, counsel for defendant Aethon acknowledged that plaintiffs' proposed second amended complaint stated a product's liability claim against defendant Aethon, and the undersigned agrees. Plaintiffs will, therefore, be granted further leave to amend with respect to defendant Aethon.[6]

## SUPPLEMENTAL JURISDICTION

As noted above, in addition to the EMTALA cause of action addressed above, plaintiffs' amended complaint asserts a number of state law causes of action against defendants Regents. A district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). The court's discretion to decline jurisdiction over state law claims is informed by the values of judicial economy, fairness, convenience, and comity. Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc). In addition, "[t]he Supreme Court has stated, and [the Ninth Circuit] ha[s] often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Acri, 114 F.3d at 1001 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)). See also Satey v. JP Morgan Chase & Co., 521 F.3d 1087, 1091 (9th Cir. 2008) (recognizing this principle but noting that dismissal of the remaining state law claims is not mandatory).

Of course, "primary responsibility for developing and applying state law rests with the state courts." Curiel v. Barclays Capital Real Estate Inc., Civ. No. S-09-3074 FCD KJM, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010). Here, consideration of judicial economy, fairness, convenience, and comity all point toward declining to exercise supplemental jurisdiction.

---

[6] The first amended complaint alleges that defendant Aethon, Inc., is a Delaware corporation. (Am. Compl. (ECF No. 7) at 6.) In this regard, there would be complete diversity between plaintiffs and defendant Aethon. Moreover, the amount in controversy between plaintiffs and defendant Aethon exceeds $75,000. (Sec. Am. Compl. (ECF No. 26-2) at 16.) Therefore, the court would have diversity jurisdiction over plaintiffs' claims against defendant Aethon.

Therefore, the undersigned will also recommend that the assigned District Judge decline to exercise supplemental jurisdiction over the first amended complaint's state law claims asserted against defendants Regents.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Aethon's December 4, 2017 motion to dismiss (ECF No. 10) is granted;

2. Plaintiffs' January 10, 2018 motion to amend (ECF No. 26) is granted with respect to the defendant Aethon;

3. Plaintiffs' proposed second amended complaint (ECF No. 26-2) is deemed the operative complaint in this action; and

4. Defendant Aethon shall file a response to the second amended complaint within twenty-one days of the date of this order.

IT IS ALSO RECOMMENDED that:

1. Defendants Regents' December 5, 2017 motion to dismiss the first amended complaint's EMTALA claim (ECF No. 13) be granted;

2. The first amended complaint's EMTALA claim be dismissed without prejudice;

3. The court decline to exercise supplemental jurisdiction over the first amended complaint's state law claims asserted against defendants Regents of the University of California, Robert Rominski, Tanya Escay, and Kathleen Boden; and

4. Defendants Regents of the University of California, Robert Rominski, Tanya Escay, and Kathleen Boden be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections.

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 8, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\campbell2057.mtd.f&rs

13