UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN CAMPBELL and CYNTHIA CAMPBELL, | No. 2:17-cv-2057 KJM DB (PS) |
| Plaintiffs, | ORDER |
| v. | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., | |
| Defendants. | |

Plaintiffs are proceeding pro se with the above-entitled action. The matter was referred to a United States Magistrate Judge as provided by Local Rule 302(c)(21).

On June 11, 2018, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days after service of the findings and recommendations. Defendant Aethon, Inc. filed objections on June 22, 2018. ECF No. 32. Plaintiffs filed objections on June 28, 2018. ECF No. 34. On June 29, 2018, defendants Regents of the University of California, Robert Rominski, Tanya Escay and Kathleen Boden filed replies

/////

/////

1

to the objections filed by Aethon, Inc. and plaintiffs. ECF Nos. 35–37. Plaintiffs filed a sur-reply[1] on July 9, 2018. ECF No. 38.

The court notes arguments raised in Aethon's objections, ECF No. 32, and finds them to be without merit as explained here. First, Aethon argues the magistrate judge overlooked the possibility of federal question jurisdiction grounded in the 42 U.S.C. § 1985 claim included in plaintiffs' second amended complaint ("SAC"). ECF No. 32 at 2. To the contrary, the magistrate judge addressed the § 1985 claim in correctly observing, "just like plaintiffs' EMTALA claim, plaintiffs' § 1985 claim would be barred by defendants Regents' Eleventh Amendment immunity." ECF No. 31 at 10 n.5.

Second, Aethon asserts that assuming independent federal question jurisdiction adheres under § 1985 the court must exercise supplemental jurisdiction over Aethon's planned cross-claim for indemnification. ECF No. 32 at 3–8. Even assuming the court has jurisdiction over the Regent defendants under § 1985, Aethon's cross-claim would be barred by Eleventh Amendment immunity. *See Oneida Cty., N.Y. v. Oneida Indian Nation of New York State*, 470 U.S. 226, 251 (1985) ("The Eleventh Amendment forecloses . . . the application of normal principles of ancillary and pendent jurisdiction where claims are pressed against the State."); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984) ("[P]endent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment. A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment."). Where there is a claim for indemnification, absent unequivocal waiver by the State, Eleventh Amendment immunity applies. *Oneida Cty.*, 470 U.S. at 251; *see also Actmedia, Inc. v. Stroh*, 830 F.2d 957, 963 (9th Cir. 1986) ("The test for finding waiver by a state of its eleventh-amendment immunity is 'stringent.'") (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)). Here, there is no waiver.

/////

---

[1] Although filing a sur-reply is not authorized by Local Rule 304(b) (providing a 14-day objection period for proposed findings and recommendations), the court has considered the content of plaintiffs' sur-reply in reaching its decision.

Aethon also believes the findings and recommendations create an ambiguity as to the additional party, Louis Small, included in the Second Amended Complaint. ECF No. 32 at 8–10. The Second Amended Complaint names Small for the first time and provides the following description: "an individual, [] a Registered Nurse and Administrative Nurse in the Emergency Department at UC Davis." ECF No. 26-2 at 3. Although the findings and recommendations do not explicitly address the addition of Small, he is nonetheless subject to the same immunity as other individually named defendants in the system governed by the Regents, identified by the magistrate judge. *See* ECF No. 31 at 10 n.5 (citing *Vaughn v. Regents of University of California*, 504 F. Supp. 1349, 1352 (E.D. Cal. 1981) ("If the §§ 1981, 1983, 1985 and 1986 damage claims against the Regents are barred by the Eleventh Amendment, those same claims against the employees of the University acting in their official capacities are likewise barred.")). Small too must be dismissed.

Finally, in their objections, plaintiffs address some apparent confusion arising from the January 12, 2018 motion hearing before the magistrate judge, during which plaintiffs purportedly sought leave to amend the Second Amended Complaint, which was a proposed complaint at the time. ECF No. 34 at 6. The findings and recommendations do not address this exchange. Regardless, to the extent plaintiffs request leave to make mere clerical alterations to the Second Amended Complaint, such alterations do not influence the analysis here; nor would the inclusion of additional Regent defendants if plaintiffs signaled a plan to add them. As the magistrate judge has correctly explained, any further amendment as to Regent defendants would be futile in light of Eleventh Amendment immunity. *See* ECF No. 31 at 10. This matter will proceed on the Second Amended Complaint against defendant Aethon, and any future requests to amend shall be addressed through normal litigation practice before the magistrate judge in the first instance.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. As explained above, the court finds the findings and recommendations to be supported by the record and by the proper analysis. Therefore, the magistrate judge's findings and recommendations are ADOPTED in their entirety.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 11, 2018 (ECF No. 31) are adopted in full;

2. Defendant Regents' December 5, 2017 motion to dismiss the first amended complaint's EMTALA claim, ECF No. 13, is granted;

3. The first amended complaint's EMTALA claim is dismissed without prejudice;

4. The court declines to exercise supplemental jurisdiction over the first amended complaint's state law claims asserted against defendants Regents of the University of California, Robert Rominski, Tanya Escay, Kathleen Boden and Louis Small;

5. Defendants Regents of the University of California, Robert Rominski, Tanya Escay, Kathleen Boden and Louis Small are dismissed from this action; and

6. This matter is referred back to the magistrate judge for further proceedings.

DATED: January 24, 2019.

_____
UNITED STATES DISTRICT JUDGE